# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN BRADIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:12CV61 SNLJ |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner, a prisoner, seeks a writ of mandamus ordering respondent, the Commissioner of Social Security, to pay him for lost benefits and to compensate him for time spent imprisoned. The Court will summarily dismiss the petition.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. See also In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (holding that the PLRA applies to mandamus actions that are civil in nature). If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the

prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his petition. A review of petitioner's account indicates an average monthly deposit of $46.07, and an average monthly balance of $38.56. Petitioner has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.21, which is 20 percent of petitioner's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a petition filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of

harassing the named respondents and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A petition fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Petition

Petitioner claims that he was unlawfully denied Social Security benefits for nine months between August 1992 and May 1993, because the Social Security Administration cut off his payments when he was accused of a crime but had not yet been convicted. Petitioner says that he was unable to afford to hire counsel as a result, and he claims he was denied effective assistance of counsel because the public defender was incompetent. Petitioner was convicted, and he argues that his current imprisonment is therefore unlawful. He seeks compensation for unpaid benefits and for time spent "illegally" imprisoned.

## Discussion

Title 28 U.S.C. § 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "In order for mandamus to lie the 'duty owed to the plaintiff' must be ministerial and

a positive command so plainly prescribed as to be free from doubt." Keeny v. Secretary of Army, 437 F.2d 1151, 1152 (8th Cir. 1971). Mandamus is an extraordinary remedy and "should be resorted to only in extreme cases . . ." La Buy v. Howes Leather Co., 352 U.S. 249, 257-58 (1957). "The writ should be used . . . only in the exceptional case where there is a clear abuse of discretion or usurpation of judicial power . . ." In re Broth. of Ry., Airline and S.S. Clerks, Freight Handlers and Exp. and Station Employees, 605 F.2d 1073, 1075 (8th Cir. 1979).

Nothing about this case is extraordinary. This case is merely one of the several types of frivolous actions prisoners file seeking monetary remuneration or to attack their conviction and sentence. Indeed, petitioner has failed to cite any statute or provision of the Constitution showing he is entitled to relief under the Social Security Act, and he has not challenged the constitutionality of the statute disqualifying felony inmates from receiving disability insurance benefits. Nor could he. See, e.g., Davis v. Bowen, 825 F.2d 799 (4th Cir. 1987) (finding that the suspension of benefits for incarcerated felons does not violate an inmate's due process or equal protection rights); Peeler v. Heckler, 781 F.2d 649 (8th Cir. 1986) (concluding that the suspension of disability benefits to incarcerated felons does not constitute "punishment" such that the ex post facto clause is violated); Langella v. Government of U.S., 6 Fed. Appx. 116, 2001 WL 431509 (2nd Cir. 2001) (holding that suspension

of social security benefits during incarceration does not violate either due process or equal protection); Wiley v. Bowen, 824 F.2d 1120 (D.C. Cir. 1987) (suspension of recipient's retirement payments pursuant to amendment prohibiting incarcerated felons from receiving benefits was not punishment and thus was not ex post facto law). Rather, he attacks the manner in which his benefits were taken away, an issue which should have been properly raised before the Social Security Administration through the administrative appeals process when his benefits were first taken away, as noted in the correspondence received by petitioner from the Social Security Administration.[1] 42 U.S.C. §§ 402(x), 405(g); see also, Ryan v. Brady, 776 F.Supp. 1, 2-3 (D. D.C. 1991). Because petitioner's mandamus seeks reimbursement of disability insurance benefits, the Court lacks jurisdiction to review petitioner's claim for benefits absent proper exhaustion of administrative remedies. See Grisso v. Apfel, 219 F.3d 791, 793 (8th Cir. 2000).

Under 42 U.S.C. § 405(g), a petitioner seeking review of decision by the Commissioner must allege that: (1) he has received a final decision of the Secretary after a hearing; (2) he brought suit within 60 days of the mailing of the final decision;

---

[1] See Correspondence between the Social Security Administration and petitioner, dated March 23, 2009, attached to petitioner's application for writ of mandamus.

and (3) he brought suit in the district court in which he resides or has his principal place of business.

Petitioner has not alleged that he has received a final decision from the Secretary of Health and Human Services. He merely alleges that his benefits were suspended by the Social Security Administration sometime after his incarceration in 1992[2] with the explanation that benefits are withheld while an eligible recipient is incarcerated in the United States on a felony conviction under 42 U.S.C. § 402(x). The plaintiff does not allege that he requested reconsideration of this notice or proceeded to hearing before an Administrative Law Judge or requested Appeals Council review of a decision, all of which are required to obtain a final decision of the Secretary. 20 C.F.R. §§ 404.900-982.

Finally, to the extent petitioner is seeking reversal of his conviction or sentence, the Court feels compelled to remind petitioner that state prisoners may not

---

[2]Although petitioner first states that he lost his benefits prior to his conviction, he also states in his petition that he was actually credited with social security payments after his 1992 incarceration and after being convicted in May of 1993, the Social Security Administration sought $2287.30 from him in overpayments for payments made to him during his incarceration. Thus, it is unclear whether or not his disability payments were discontinued immediately after he was incarcerated in August of 1992 or if they were discontinued after he was actually convicted for the crimes under which he is currently incarcerated, with the discontinuance of benefits made retroactive to his incarceration date. For the purposes of the jurisdictional issue immediately before the Court, these facts matter not.

attack the legality of their sentences through a petition for writ of mandamus or an action under the laws governing Social Security benefits.  Such relief is only available under 28 U.S.C. § 2254.

As a result of the aforementioned, the Court finds that it lacks jurisdiction over the instant matter and must dismiss this action pursuant to Fed.R.Civ.P. 12(h)(3). Additionally, the Court finds this action to be both frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner shall pay an initial filing fee of $9.21 within thirty (30) days of the date of this Order.  Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition because the Court lacks jurisdiction over the instant matter and because the petition is frivolous and malicious.

**IT IS FURTHER ORDERED** that petitioner's remaining motions [Doc. #4-7] are **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  21st  day of May, 2012.

                                                    STEPHEN N. LIMBAUGH, JR.
                                                    UNITED STATES DISTRICT JUDGE